1  MARION I. QUESENBERY, SBN 072308
   R. JASON READ, SBN 117561
2  RYNN & JANOWSKY, LLP
   4100 Newport Place Drive, Suite 700
3  Newport Beach, CA 92660-2423
   Telephone: (949) 752-2911
4  Facsimile:  (949) 752-0953
   E-mail: marion@rjlaw.com
5  E-mail: jason@rjlaw.com

6  Attorneys for Plaintiffs
   RIVER RANCH FRESH FOODS, LLC, et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| RIVER RANCH FRESH FOODS, LLC; VESSEY AND COMPANY, INC.; LANCER MARKETING; and FIELD FRESH FARMS, LLC, <br><br>Plaintiffs,<br><br>v.<br><br>PREMIUM FRESH FARMS, LLC; PDP & ASSOCIATES, LLC; AG HARVESTING & TECHNOLOGIES, LLC; EMMITT L. PFOST; SALVADOR PAUL TARANTINO; PAUL E. DUNHAM; JOHN D. TAMAGNI; and ROBERT ELLIOTT,<br><br>Defendants. | CASE NO.  C08-01688 PVT<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT [7 U.S.C. §499a, *et seq.*]**<br><br>1. **BREACH OF CONTRACT;**<br>2. **ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;**<br>3. **VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;**<br>4. **UNJUST ENRICHMENT; and**<br>5. **CONVERSION** |
|---|---|

Plaintiffs River Ranch Fresh Foods, LLC ("River Ranch"), Vessey and Company, Inc. ("Vessey"), Lancer Marketing ("Lancer"), and Field Fresh Farms, LLC ("Field Fresh") complain and allege as follows:

FIRST AMENDED COMPLAINT – Case No. C08-01688 PVT – Page 1

**I.**

**JURISDICTION AND VENUE**

1. This court has jurisdiction of this case pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c)(5), and pursuant to 28 U.S.C. §1331. In addition, under 28 U.S.C. § 1367(a), this Court has jurisdiction of any state law claims and remedies by virtue of the Court's supplemental jurisdiction, because the state law claims form part of the same case or controversy and involve a common nucleus of operative facts. Venue is proper pursuant to 28 U.S.C. §1391(b).

2. Plaintiff River Ranch is and was during all times relevant a limited liability company having its principal place of business located in Salinas, California.

3. Plaintiff Vessey is and was during all times relevant a corporation having its principal place of business located in El Centro, California.

4. Plaintiff Lancer is and was during all times relevant a corporation with its principal place of business in Laguna Niguel, California.

5. Plaintiff Field Fresh is and was during all times relevant a limited liability company with its principal place of business in Watsonville, California.

6. Plaintiffs are informed, believe and thereon allege that Defendant Premium Fresh Farms, LLC ("Premium Fresh") is and was during all times relevant a limited liability company, with its principal place of business located in the Salinas, California.

7. Plaintiffs are informed, believe and thereon allege that Defendant PDP & Associates, LLC ("PDP") is and was during all times relevant a limited liability company, with its principal place of business located in the Salinas, California. Plaintiff

is further informed, believes and thereon alleges that PDP is and was during all times a member and/or owner of Premium Fresh.

8. Plaintiffs are informed, believe and thereon allege that Defendant AG Harvesting & Technologies, LLC. ("AG Harvesting") is and was during all times relevant a limited liability company, with its principal business located in Salinas, California. Plaintiff is further informed, believes and thereon alleges that AG Harvesting is and was during all times mentioned a member and/or owner of Premium Fresh.

9. Plaintiffs are informed, believe and thereon allege that Defendant Salvador Paul Tarantino ("Tarantino") is an individual who, during all times material, was an officer, director, and/or shareholder of Premium Fresh, PDP and AG Harvesting and who maintains a residence and/or principal place of business in Salinas, California.

10. Plaintiffs are informed, believe and thereon allege that Defendant Paul E. Dunham ("Dunham") is an individual who, during all times material, was an officer, director, and/or shareholder of Premium Fresh and who maintains a residence and/or principal place of business in Salinas, California.

11. Plaintiff is informed, believes and thereon alleges that Defendant Emmitt L. Pfost ("Pfost") is an individual who during all times material was an officer, director, and/or member of Premium Fresh and who maintains a residence and/or principal place of business in Salinas, California.

12. Plaintiff is informed, believes and thereon alleges that Defendant John D. Tamagni ("Tamagni") is an individual who during all times material was an officer, director, and/or member of Premium Fresh and who maintains a residence and/or principal place of business in Salinas, California.

13. Plaintiff is informed, believes and thereon alleges that Defendant Robert Elliott ("Elliott") is an individual who during all times material was an officer, director, and/or member of Premium Fresh and who maintains a residence and/or principal place of business in Salinas, California.

14. Plaintiffs are informed, believe and thereon allege that Tarantino, Dunham, Pfost, Tamagni, Elliott, AG Harvesting, and PDP are and were at all times material insiders with actual and constructive knowledge of the PACA trust and who are and were during all times relevant responsible for the daily management and control of Defendant Premium Fresh, statutory trustees under PACA, and in positions to control the PACA trust assets that are the subject of this lawsuit.

## II.

## **INTRADISTRICT ASSIGNMENT**

15. This action arose in Salinas, California. Defendant Premium Fresh's principal place of business is in Salinas, California, and Plaintiffs are informed and believe that all Defendants reside in or have their principal place of business in Salinas, California. Plaintiffs allege in this Complaint that Defendants owe Plaintiffs $232,812.22 for perishable agricultural commodities that Plaintiffs sold and shipped to Defendant Premium Fresh in Salinas, California, pursuant to the contracts of sale between Plaintiffs and Defendant Premium. These contracts were entered into in Salinas, California.

///

///

///

### III.

### FIRST CAUSE OF ACTION

**(Breach of Contract)**
*Against Defendant Premium Farms*

16. Plaintiffs reallege and incorporate by reference paragraphs 1 through 16, inclusive, of this Complaint as though fully set forth in this paragraph.

17. At all times relevant, Defendant Premium Fresh was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant or dealer subject to the provisions of the PACA, operating under PACA license number 20050019.

18. Between on or about March 2007 and May 2007, in a series of transactions, River Ranch sold and shipped perishable agricultural commodities to Defendant Premium Fresh at said Defendant's request for which said Defendant agreed to pay River Ranch $61,748.32, plus attorneys' fees and costs should legal action be commenced to collect the sums due.

19. Between on or about February 2007 and May 2007, in a series of transactions, Vessey sold and shipped perishable agricultural commodities to Defendant Premium Fresh, at said Defendant's request, for which said Defendant agreed to pay Vessey the sum of $67,357.10, plus attorneys' fees and costs should legal action be commenced to collect the sums due.

20. Between on or about April 2007 and August 2007, in a series of transactions, Lancer sold and shipped perishable agricultural commodities to Defendant Premium Fresh, at said Defendant's request, for which said Defendant agreed to pay

Lancer the sum of $77,383.00, plus attorneys' fees and costs should legal action be commenced to collect the sums due.

21.   Between on or about October 2007 and December 2007, in a series of transactions, Field Fresh sold and shipped perishable agricultural commodities to Defendant Premium Fresh, at said Defendant's request, for which said Defendant agreed to pay Field Fresh the sum of $26,323.80, plus attorneys' fees and costs should legal action be commenced to collect the sums due and 18% interest on all past due amounts.

22.   At or about the date of each transaction described above, Plaintiffs, and each of them, forwarded to Defendant Premium Fresh invoices for the transactions setting forth in detail the amounts owed by Defendant Premium Fresh for its purchase of the commodities.   All of these invoices contained written provisions providing for recovery of attorney's fees incurred if a legal action was filed to collect the sums due, and Field Fresh's invoices provided a finance charge on delinquent accounts at the rate of 1.5% per month (18% annually).

23.   Plaintiffs have repeatedly demanded that Defendant Premium Fresh pay the amounts due and owing under the invoices, cumulatively totaling at least $232,812.22, as separately set forth above.  However, Defendant Premium Fresh has failed and refused and continues to fail and refuse to pay Plaintiffs for the produce purchased by it and no part of those sums due and owing has been paid.

24.   Plaintiffs have performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

25.   As a direct and proximate result of the failure of Defendant Premium Fresh to remit payment due to Plaintiffs as described above, Plaintiffs have suffered cumulative

1  losses in the amount of $232,812.22, in the amounts separately set forth above, plus

2  recoverable attorney's fees and finance charges pursuant to written agreements between

3  the parties.

### IV.

### SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA;
Disgorgement of PACA Trust Assets)**
*Against All Defendants*

26. Plaintiffs reallege and incorporate by reference paragraphs 1 through 25, inclusive, of this Complaint as though fully set forth in this paragraph.

27. Plaintiffs at all times relevant were engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA, 7 U.S.C. §499a(4), and were all properly licensed by the United States Department of Agriculture.

28. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce and in wholesale and jobbing quantities as defined by PACA.

29. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of PACA, upon receipt of the produce sold by Plaintiffs to Defendant Premium Fresh, Plaintiffs became the beneficiaries of a floating, non-segregated statutory trust on all of said Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

30. Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiffs are informed and believe and thereon allege that Plaintiffs have performed

and fulfilled all duties required to preserve their trust benefits in the cumulative amount of $232,812.22, as separately set forth above, for the perishable agricultural commodities sold to Defendant Premium Fresh, all of which remains past due and unpaid.

31.   Plaintiffs are informed and believe that Defendants, and each of them, are statutory trustees under PACA by virtue of their status as owners, officers, directors, members, and/or shareholders of Defendant Premium Fresh, who were in positions to control the PACA trust assets that are the subject of this action.

32.   As statutory trustees, the PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiffs until full payment has been made to Plaintiffs.  Plaintiffs are informed and believe and thereon allege that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiffs in that said Defendants have failed to perform the requirements of PACA's trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets.

33.   Plaintiffs are informed and believe and upon that basis allege that during all times relevant, Defendants transferred or diverted the trust assets and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiffs. [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiffs on all inventories of products derived from perishable agricultural commodities and on any receivables or proceeds from the sale of

such commodities or products, which have been transferred to secured or unsecured creditors.

34. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiffs have suffered the cumulative loss of $232,812.22, in the amounts separately set forth above, plus recoverable attorney's fees and finance charges, all of which qualifies for protection under the PACA trust.

## V.

### THIRD CAUSE OF ACTION

**(For Violation Of Perishable Agricultural Commodities Act:
Failure To Account And Pay Promptly)**
*Against All Defendants*

35. Plaintiffs reallege and incorporate by reference paragraphs 1 through 34, inclusive, of this complaint as though fully set forth in this paragraph.

36. Plaintiffs have repeatedly demanded that Defendants pay the amounts due for produce sold and delivered to Defendants, as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of PACA, 7 U.S.C. § 499b(4).

37. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiffs have suffered the cumulative loss of $232,812.22 in net produce sales proceeds due and owing to Plaintiffs from Premium

Fresh, in the amounts separately set forth above, and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and finance charges.

## VI.

### FOURTH CAUSE OF ACTION

**(For Injunctive Relief)**
*Against All Defendants*

38. Plaintiffs reallege and incorporate by reference paragraphs 1 through 37, inclusive, of this Complaint as though fully set forth herein.

39. Pursuant to the provisions of the PACA, 7 U.S.C. §§ 499e(c)(1)-(4), perishable agricultural commodities received by a commission merchant, broker or dealer in <u>all</u> transactions and <u>all</u> inventories or other products derived from these products are held in trust by the receiver for the benefit of the unpaid supplier until such suppliers receive full payment of sums owed in connection with such transactions.

40. On numerous occasions Plaintiffs have demanded via written notice and telephone calls that Defendants pay the balances due to Plaintiffs in the amounts alleged in this Complaint but Defendants have failed and refused and continue to fail and refuse to do so.

41. Plaintiffs are informed, believe and thereon allege that the PACA trust assets are dissipating and will continue to dissipate unless Defendants are restrained.

42. Pursuant to the terms of the statutory trust, and pursuant to Defendants' fiduciary duties' as described above, Defendants owed and still owe a duty to transfer to Plaintiffs sums owed to Plaintiffs for the produce shipments which are the subject of this complaint.

FIRST AMENDED COMPLAINT – Case No. C08-01688 PVT – Page 10

43. Plaintiffs are informed and believe and thereon allege that Defendants have diverted and will continue to divert PACA trust assets due and owing to Plaintiffs either to themselves or to third parties, or will dissipate such assets.

44. If such diversion and dissipation of assets is allowed to continue, Plaintiffs will suffer great and irreparable harm in that the PACA trust assets will not be preserved and Plaintiffs' ability to pay some of its own creditors may be jeopardized. Moreover, Plaintiffs and other creditors of Plaintiffs', a substantial number of which are statutory trust creditors under the Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq*.], will suffer great and irreparable harm if all proceeds of sale, including trust assets of Defendants, are dissipated and are forever lost to such creditors.

45. Therefore, Plaintiffs request that this Court enter an order for an accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust. In the alternative, Plaintiffs request that this Court enter an injunction directing that Defendants and their officers, directors, shareholders, bankers, attorneys, agents, or any other person acting on Defendants' behalf not disburse, transfer or otherwise dissipate the PACA trust assets.

46. Plaintiff is informed, believes and thereon alleges that Defendants will not be damaged or injured in any way by the requested relief because the assets they hold are due and owing to Plaintiff. Further, to the extent the assets are secured by the PACA trust, such assets rightfully belong to Plaintiff and are held in trust by Defendants for the benefit of Plaintiff.

# VII.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment)
*Against All Defendants*

47. Plaintiffs reallege and incorporate by reference paragraphs 1 through 46, inclusive, of this Complaint as though fully set forth in this paragraph.

48. Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiffs, and/or the proceeds therefrom, valued in the cumulative amount of at least $232,812.22, as separately set forth herein.

49. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiffs.

50. As a direct and proximate result of the wrongful conversion of funds due to Plaintiffs, as assignee of Plaintiffs, Plaintiffs have been damaged and Defendants have been unjustly enriched in the cumulative amount of $232,812.22, in the sums separately set forth above.

# VIII.

## SIXTH CAUSE OF ACTION

### (For Conversion)
*Against All Defendants*

51. Plaintiffs reallege and incorporate by reference paragraphs 1 through 50, inclusive, of this Complaint as though fully set forth in this paragraph.

52. At all times relevant herein, Plaintiffs were and currently are, entitled to possession of the specific sums as alleged herein in the total cumulative amount of at $232,812.22, as separately set forth above.

53. Plaintiffs have repeatedly demanded the immediate turnover of the above-mentioned sums but Defendants have failed and refused and continue to fail and refuse to turn over such sums of money to Plaintiffs. Plaintiffs are informed and believe and thereon allege that Defendants have diverted payments of its accounts receivable, assets of the PACA trust, and monies due and owing to Plaintiffs to themselves and to other unknown third parties.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, as follows:

## FIRST CAUSE OF ACTION

### (For Breach Of Contract)

A. For damages in the cumulative amount of $232,812.22 against Defendant Premium Fresh, as separately alleged above;

B. For interest and/or finance charges thereon at the highest legal rate from the date the obligation became due and payable to Plaintiffs;

C. For reasonable attorney's fees and costs of suit incurred herein; and,

D. For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

**(For Enforcement of Statutory Trust Provisions of PACA; Disgorgement of PACA Trust Assets)**

E.   For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiffs in the cumulative amount of $232,812.22 as against all Defendants, jointly and severally;

F.   For interest and/or finance charges thereon at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff;

G.   For reasonable attorney's fees and costs of suit incurred herein; and,

H.   For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

**(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)**

I.   For damages in the cumulative amount of $232,812.22 as against all Defendants, jointly and severally;

J.   For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the cumulative amount of $232,812.22 as against all Defendants, jointly and severally;

K.   For interest and/or finance charges thereon at the highest rate allowed by law from the date the obligation became due and payable to Plaintiffs; and,

L.   For attorney's fees as deemed reasonable by this Court.

## FOURTH CAUSE OF ACTION

**(For Injunctive Relief)**

M.   For an accounting and injunctive relief to turnover all amounts subject to

1   the PACA Trust;

2       N.    For interest and/or finance charges on said sums at the highest rate allowed

3   by law from the date on which each obligation became due;

4       O.    For costs of suit incurred and attorney's fees as deemed reasonable by this

5   Court;

6       P.    For such other and further relief as the court may deem just and proper.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment)

9       Q.    For damages in the cumulative amount of $232,812.22 as against all

10  Defendants, jointly and severally;

11      R.    For interest and/or finance charges thereon at the highest legal rate from the

12  date each obligation became due and payable to Plaintiffs;

13      S.    For attorney's fees and costs of suit incurred; and,

14      T.    For such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

### (For Conversion)

17      U.    For value of the monies converted in the amount of $232,812.22 as against

18  all Defendants, jointly and severally;

19      V.    For interest and/or finance charges thereon at the highest legal rate from the

20  dates on which each obligation first became due;

21      W.    For attorney's fees and costs of suit incurred; and

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1     X.     For such other and further relief as the Court deems just and proper.

RYNN & JANOWSKY, LLP

Date: August 1, 2008          By:   /s/ Marion I. Quesenbery
                                    Marion I. Quesenbery
                                    Attorneys for Plaintiffs